**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1871
_____

CHIEF DAVID WILLIAMS,
                                        Appellant

v.

BOARD OF SUPERVISORS CONEWAGO TOWNSHIP;
LOUANN BOYER; MARCY KRUM; TED BORTNER; ROBERT LEGORE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01761)
District Judge:  Honorable William W. Caldwell
_____

Submitted under Third Circuit LAR 34.1(a)
December 10, 2015

Before:  FUENTES, CHAGARES, and GREENBERG, Circuit Judges.

(Filed: January 13, 2016)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

        Plaintiff David Williams appeals the March 10, 2015 order of the United States

District Court for the Middle District of Pennsylvania, dismissing his first amended

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

complaint with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons that follow, we will affirm.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition.  Williams, who is the Chief of Police for Conewago Township, Pennsylvania, has named five defendants:  the Township's Board of Supervisors and four individual members of the Board (Luann Boyer, Marcy Krum, Ted Bortner, and Robert Legore).  He alleges that the defendants harbor personal animosity towards him because on previous occasions he disciplined Luann Boyer's husband (who was a police officer), refused the Board's request that another officer be fired when the officer suffered a work-related injury, and refused the Board's request that other officers be retaliated against for their involvement in negotiating the police department's collective bargaining agreement.

According to the first amended complaint ("FAC"), the defendants retaliated against him in various ways:  assigning him to additional overtime and tasks outside his duties (installing a new IT system, purchasing a copy machine, and disposing of trash), refusing to expand the police department's facilities even though expansion was needed, reprimanding him at a public meeting for his handling of the copy machine purchase, "disciplining" him (the form of discipline is unspecified in the complaint) for using a police car to drive less than a mile to wish someone happy birthday, and prohibiting him from speaking to maintenance employees.  As a result of the alleged retaliation, Williams was hospitalized for chest pains and subsequently "harassed" by Board member Krum

2

about taking medical leave. Williams is "still employed" by the department, but the defendants "are doing their best to try to terminate his employment," which is "seriously in jeopardy." FAC ¶¶ 14, 26.

Williams brought claims for deprivation of his constitutionally protected liberty interest in his reputation (a "stigma-plus" claim) in violation of 42 U.S.C. § 1983, and for interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"). The District Court dismissed the FAC for failure to state a claim because Williams failed to allege a tangible "plus" factor for his liberty interest claim, failed to allege that he requested and was denied medical leave, and failed to allege any adverse employment action taken in retaliation.[1]

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)" and "are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 319 (3d Cir. 2010). "The test . . . is whether the

---

[1] The District Court also denied Williams leave to amend his complaint a second time because it would be futile and prejudicial to the defendants. Williams has not appealed the District Court's denial of leave to amend.

3

complaint alleges enough fact to state a claim to relief that is plausible on its face, which is to say, enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality." Id. (quotations marks, citation, and alterations omitted).

III.

The District Court properly dismissed Williams's stigma-plus claim. "[R]eputation alone is not an interest protected by the Due Process Clause." Dee v. Borough of Dunmore, 549 F.3d 225, 233 (3d Cir. 2008). "Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." Id. at 233-34. Williams is correct that under Dee, he need not allege termination from his job because suspension can be a sufficient plus factor if, under state law, he can be suspended only "for cause." Id. at 234. But that is entirely beside the point, as Williams does not allege that he was ever suspended. Williams's argument that "his liberty interest in keeping his job" is an "issue[ ] to be resolved in discovery," Williams Br. 26, is perhaps a reference to the allegation that his job is "seriously in jeopardy," FAC ¶ 26. But unless and until he is actually suspended or terminated, his interest in keeping his job is not implicated. Cf. Clark v. Twp. of Falls, 890 F.2d 611, 620 (3d Cir. 1989) ("The possible loss of future employment opportunities is patently insufficient to satisfy the requirement . . . that a liberty interest requires more than mere injury to reputation.").

As to the FMLA retaliation claim,[2] Williams's allegations also do not plausibly state a claim. The FMLA "prohibit[s] employers from 'discriminating or retaliating against an employee or prospective employee for having exercised or attempt[ing] to exercise FMLA rights.'" Hansler v. Lehigh Valley Hosp. Network, 798 F.3d 149, 158 (3d Cir. 2015) (quoting 29 C.F.R. § 825.220(c)). We assume for the sake of argument that Williams might have adequately alleged an "attempt[ ] to exercise FMLA rights." See FAC ¶ 94 (alleging that he was "rushed to the hospital with chest pains" and "had to request some short-term disability as a consequence"); 29 C.F.R. § 825.303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA.").

But nearly all of the defendants' "repeated abusive conduct" cited by Williams occurred before he was hospitalized, making it impossible for Williams to prove that the conduct was in retaliation for his attempt to exercise his FMLA rights. Williams Br. 28. Williams alleges that the defendants' abusive conduct caused his chest pains and request for short-term disability, not the other way around. FAC ¶ 94.[3] The only alleged misconduct occurring after his medical leave was Krum's "harass[ing] [Williams] after two days, while he was still unwell, for a doctor's note" and "inform[ing] [Williams] that his sick time was a 'big mystery' implying that it had no medical basis and that [Williams] is some kind of lying malingerer." Id. ¶¶ 95-96. Under the FMLA, an

[2] Williams appeals only his FMLA retaliation claim, and not his FMLA interference claim.

[3] The first amended complaint alleges that the abusive conduct was motivated by something else – namely, the defendants' previous disputes with Williams over his management of the police department. FAC ¶¶ 43, 59.

5

employer is ordinarily entitled to request a doctor's note.  29 U.S.C. § 2613; 29 C.F.R. § 825.305.  And Krum's "implying" to Williams that he was malingering does not rise to the level of retaliation, even under the liberal Burlington Northern standard advocated by Williams.  See Burlington Northern and Santa Fe R.R. v. White, 548 U.S. 53, 57, 68 (2006) (defining retaliation in the analogous Title VII context as actions "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination" and as not including "petty slights, minor annoyances, and simple lack of good manners").

IV.

For the foregoing reasons, the judgment of the District Court will be affirmed.